## THE CENTRAL PARK FIRE INSURANCE COMPANY *vs.* CALLAGHAN and others.

Any improper condition imposed by one of the projectors of a company, before its organization, in respect to a loan to be made by it, will not invalidate the transaction consummated after the company is organized; unless the company has adopted and ratified the act of its agent.

APPEAL from a judgment entered at special term. The action was brought to foreclose a mortgage given by the defendant Callaghan to the plaintiffs for $16,000, dated July 10, 1860. The defense was that the plaintiffs had exacted a subscription to their stock, as a condition of the loan, and it was therefore usurious. The facts were, that in June, 1860, A. Michelbacher, who was subsequently president, was, with others, engaged in organizing the plaintiffs' company with a capital stock of $150,000, receiving subscriptions to the stock, and applications for loans of the capital on real estate. Callaghan made an application for a loan of $16,000, which was approved by a committee of the associates, June 25, 1860. About the same time he subscribed for ten shares ($1000) of the stock, and paid for it by his check, dated July 6th, which was delivered to the persons organizing the company, the 11th of July, 1860. On the 14th July, 1860, the organization of the plaintiffs as a corporation was completed, and the defendant received the whole

Central Park Fire Insurance Company *v.* Callaghan.

amount of $16,000 on executing the mortgage in suit, which was delivered July 21, 1860. The defendant's evidence that a subscription to the stock was exacted as a condition of the loan, was contradicted by that of the plaintiffs. The court found that the defendant's broker at the time of the application for the loan suggested that the defendant would subscribe for some of the stock, and that the defendant, to facilitate the organization of the company, did so subscribe for ten shares. The judge further found and decided as matter of law, that the transaction was not usurious, and that the plaintiff was entitled to have judgment for the foreclosure and sale of the mortgaged premises, as prayed for in the complaint, and ordered judgment accordingly.

*P. Callaghan,* for the appellant.

*S. P. Nash,* for the respondent.

*By the Court,* CLERKE, J. I cannot conceive how the conduct of Michelbacher, before the company was organized, could in any manner implicate them after their organization, unless they, in their corporate capacity, in the usual way, adopted and ratified his conduct. The loan was made after the organization, and the whole sum for which the mortgage was given was paid to the defendant. I fully agree with the plaintiff's counsel that any improper condition imposed by one of the projectors of the company, before its organization, could not invalidate the transaction.

None of the exceptions of the defendant's counsel are well taken.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, February 1, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]